**WO** SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Edmond Cochran, ) | No. CV 07-1714-PHX-MHM (JRI) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Bennie Rollins, et al., ) | |
| Defendants. ) | |

Plaintiff Thomas Edmond Cochran, who is confined at the Arizona State Prison Complex-Florence, filed this civil rights action against various officials of the Arizona Department of Corrections (ADC). The remaining claims in this case involve the denial of Plaintiff's request for placement in Protective Segregation. (Doc. #47.)

Plaintiff moves for a Temporary Restraining Order and Preliminary Injunction to prevent his removal from the Special Management Unit (SMU) I and placement "in the vicinity of any inmates." (Doc. #51.) The Court will deny the request for a TRO and direct Defendants to file a response to Plaintiff's Motion for a Preliminary Injunction.

**I.   Temporary Restraining Order**

Whether to grant or deny a motion for a temporary restraining order is within the Court's discretion. See Miss Universe, Inc. v. Flesher, 605 F.2d 1130, 1132-33 (9th Cir. 1979). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." Whitman v. Hawaiian Tug & Barge Corporation/Young Bros., Ltd. Salaried Pension Plan, 27 F. Supp. 2d 1225, 1228 (D. Haw.

1998). To obtain a preliminary injunction, the moving party must show either: "(1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor." Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir. 1999). These are not two separate tests; they represent "extremes of a singular continuum." Id. (quotation omitted). The moving party has the burden of proof on each element of the test. Environmental Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

As a prerequisite to preliminary injunctive relief, a plaintiff must do more than allege imminent harm sufficient to establish standing; he must also demonstrate immediate threatened injury. Carribbean Marine Serv. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). In other words, a plaintiff must show a real or immediate threat—a likelihood of substantial and immediate irreparable injury. Gomez v. Vernon, 255 F.3d 1118, 1129 (9th Cir. 2001) (quotation and citation omitted). Speculative injury is not sufficient. Carribean Marine Serv., 844 F.3d at 674.

Although Plaintiff alleges that he has a reputation as a snitch, which makes him a target for assaults by other inmates, he does not state why he thinks he will soon be removed from SMU I. Plaintiff's request for a temporary restraining order fails to set forth specific facts showing immediate and irreparable harm.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. #51.) All other matters will remain with the Magistrate Judge.

(2) Plaintiff's request for a Temporary Restraining Order (Doc. #51) is **denied**.

(3) Defendants are directed to file a response to Plaintiff's Motion for a Preliminary Injunction.

DATED this 20th day of August, 2008.

_____
Mary H. Murguia
United States District Judge