**WO**  SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Thomas Edmond Cochran,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Bennie Rollins, et al.,<br><br>　　　　Defendants.<br>_____ | No. CV 07-1714-PHX-MHM (JRI)<br><br>**ORDER** |

Plaintiff Thomas Edmond Cochran, who is confined at the Arizona State Prison Complex-Florence Special Management Unit (SMU) I, filed this civil rights action against various officials of the Arizona Department of Corrections (ADC). The remaining claims in this case involve the denial of Plaintiff's request for placement in Protective Segregation. (Doc. #47.)

Plaintiff moved for a Temporary Restraining Order and Preliminary Injunction to prevent his removal from SMU I and placement "in the vicinity of any inmates." (Doc. #51.) The Court denied the request for a TRO and directed Defendants to file a response to Plaintiff's Motion for a Preliminary Injunction. (Doc. #52.) Defendants responded. (Doc. #53.) Plaintiff did not reply, and the time to do so has expired.

The Court will deny the motion.

///

///

## II.     Plaintiff's Motion for Preliminary Injunction

### A.     Legal Standard

A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (*per curiam*) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp 129-130 (2d ed. 1995) (emphasis added)).  A preliminary injunction will not be granted absent a clear showing of likely success in the underlying claim and a significant threat of irreparable injury. Warsoldier v. Woodford, 418 F.3d 989, 993-94 (9th Cir. 2005); Pratt v. Rowland, 65 F.3d 802, 805 (9th Cir. 1995).  Alternately, a party may show that serious questions going to the merits were raised and the balance of hardships tips sharply in his favor.  Warsoldier, 418 F.3d at 994. These two alternatives are extremes of a single continuum, rather than two separate tests.  Nike, Inc. v. McCarthy, 379 F.3d 576, 580 (9th Cir. 2004).  Thus, the greater the relative hardship to the moving party, the less probability of success must be shown.  Id. (citing Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir. 1999)).  Under either test, the movant bears the burden of persuasion,  Mattel, Inc. v. Greiner & Hausser GmbH, 354 F.3d 857, 869 (9th Cir. 2003), and must *demonstrate* a significant threat of irreparable injury. AGCC v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991).

### B.     Parties' Contentions

Plaintiff asks the Court for an Order placing a "hold" on him " from being transferred to or placed in the vicinity of any inmates until the conclusion of these proceedings."  (Doc. #51.)  He alleges that while he was in general population (GP), he was assaulted in his cell by two inmates in May 2007.  He asserts that he is at significant risk of serious harm because he renounced his affiliation to the Skinheads and he has a reputation as a snitch, which makes him a target for assaults by other inmates.

In opposition, Defendants submit the declaration of Herb Haley, Plaintiff's certified AIMS file, and Director's Instruction (DI) 67, Protective Segregation (Doc. #53, Ex. 1, Haley Decl., Attachs. 1-2.)

Haley is the Chair of the Protective Segregation Committee. (Haley Decl ¶ 1.) He attests that Plaintiff has been housed at ASPC – Eyman / SMU I and SMU I Detention since May 30, 2007. (Id. ¶ 4.) He contends that inmates housed at SMU I, a maximum security facility, spend most of their time in their individual cells and have very limited contact with other inmates. (Id. ¶ 5.) The cells have solid fronts and inmates are only able to have limited visual contact with each other when they are walking past cells. (Id.) Inmates in SMU I have an opportunity for recreation three times a week. (Id. ¶ 6.) But, unlike lower custody environments, only one inmate at a time may have recreation in an enclosed environment; inmates at SMU I do not have recreation together. (Id.) Movement of inmates in SMU I is strictly controlled by correctional officers; single inmates are directly escorted, and multiple inmates are never moved within the living area at the same time. (Id.) Defendants argue that the threat to Plaintiff's safety is minimal in this environment. (Doc. #53.)

Defendants note that in his complaint and throughout the protective segregation investigation process with the ADC, Plaintiff alleged that Skinhead gang members had indicated that a "hit" had been put on him and that he had been placed on a list of people to be killed. (See e.g., Haley Decl. ¶¶ 26, 29, 41.) But they assert that ADC found no corroboration of this alleged threat. (See id. ¶¶ 31, 32.) Additionally, ADC has placed all of the individuals identified by Plaintiff, and confirmed by staff, on his Do Not House With ("DNHW") list, which means that he will not be housed in the same institution where there is the possibility that he will share housing cells, institutional activities, meals, and transport with the DNHW inmates on his list. (See e.g., id. ¶¶ 31, 43.)

Defendants further assert that although Plaintiff has been transferred laterally between SMU I and SMU I Detention, there is no indication of when, or even if, a transfer to GP will occur or when his present adequate housing situation will end. (Id. ¶ 8.) There are no documents in Plaintiff's file evidencing any type of anticipated move in the near future to a general population yard. (Id.) Defendants contend that Plaintiff is in a secure housing facility where he has little, if any, contact with other inmates. Thus, there does not exist a significant threat of irreparable injury, and Plaintiff fails to carry his burden of persuasion

1 to show any exigent need for a preliminary injunction.  (Doc. #53.)  Plaintiff's situation has
2 not changed in the past 15 months and has been without incident.  (<u>Id.</u> at 5.)

### C. Analysis

Mere "*[s]peculative* injury does not constitute irreparable harm sufficient to warrant granting a preliminary injunction." <u>Caribbean Marine Services Co., Inc. v. Baldrige</u>, 844 F. 2d 668, 674-675 (9th Cir. 1988) (emphasis added).  To meet the "irreparable harm" requirement, a plaintiff must do more than merely allege imminent harm; he must demonstrate it.  <u>Id.</u> at 674.

Plaintiff fails to meet his burden to demonstrate an immediate threat of irreparable harm.  Plaintiff does not dispute that he has little chance of contact with other inmates in SMU I or that there have been no incidents regarding a threat to his safety within his last 15 months in SMU I.  Moreover, Defendants indicate that they have no plans at this time to move Plaintiff from SMU I, and Plaintiff offers no evidence to the contrary. Plaintiff's request for a temporary restraining order fails to set forth specific facts showing immediate and irreparable harm.

**IT IS ORDERED** that Plaintiff's Motion for a Preliminary Injunction (Doc. #51) is **denied.**

DATED this 30th day of September, 2008.

_____
Mary H. Murguia
United States District Judge

- 4 -